FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ AUG 9 2005 ★
TIME A.M. _____
P.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
Walter Malone,

                        Plaintiff,

   -against-

The City of New York, Detective William
Campisi, P.O. Schaaf [Shield #2279],
Unknown Individual New York City
Police Officers, City of Beacon, Detective
Donald Williams, County of Duchess,
and Jeffrey Walraven,

                       Defendants.
----------------------------------------------------------X

01 CV 6128 (SLT) (RML)

MEMORANDUM
& ORDER

TOWNES, District Judge:

Defendants City of Beacon, Detective Donald Williams, County of Duchess, and Jeffrey Walraven move for summary judgment dismissing Plaintiff's third, fourth, and sixth causes of action. For the reasons discussed herein, their motions are hereby GRANTED.

## BACKGROUND

On September 13, 2001, plaintiff Walter Malone ("Plaintiff" or "Malone") commenced this action against defendants City of New York, Detective William Campisi. P.O. Schaaf [Shield # 22979], Unknown Individual New York City Police Officers, City of Beacon, Detective Donald Williams ("Williams"), County of Duchess, and Jeffrey Walraven ("Walraven")[1]. In his complaint, he alleges six causes of action under both state and federal law, namely 42 U.S.C. §§ 1983 ("Section 1983") and 1985(3) ("Section 1985"). First, he alleges that he was assaulted,

---

[1] At the time of the complaint, defendant City of Beacon employed Williams as a Detective in the Juvenile Division and the County of Duchess employed Walraven as an Investigator for Child Protective Services. (Duchess 56.1 Stat. ¶¶ 1; 2.)

1

battered, and falsely arrested and imprisoned. Second, he alleges that he was falsely arrested and imprisoned without a warrant. Third, he alleges that he was maliciously prosecuted. Fourth, he alleges that the "governmental defendants, the City of New York, City of Beacon, and the County of Duchess, were careless, negligent and reckless in hiring, [supervising], retaining and training its employees," and that as a result, he as falsely arrested and imprisoned. (Compl.¶¶ 32; 33.) Fifth, he alleges excessive force was used against him when the defendants "acted with malice or at least deliberate indifference by interfering with" his EMS treatment. (Compl. ¶¶ 37; 38.) Sixth, he alleges that the individual defendants conspired to deprive him of his constitutional rights. (Compl. ¶ 41.)

This civil action arises out a September 22, 1999 incident involving all of the defendants.[2] On that day, Williams and Walraven went to Elmhurst General hospital to interview Malone's daughter, Tylisha Scott ("Tylisha"). (Beacon 56.1 Stat. ¶ 15.) After completing that interview, they went to interview Malone in connection with Tylisha's allegations that he struck her. (Duchess 56.1 Stat. ¶ 11.) Williams accompanied Walraven to execute a warrant for criminal contempt in the second degree, which was issued as a result of complaints filed by Tylisha's mother, Tina Scott ("Scott"), and her mother's boyfriend, Scott Nelson ("Nelson"), claiming that

---

[2] In any motion for summary judgment, the moving party is required, pursuant to Local Rule 56.1(a), to submit a Statement of Material Facts that it contends are in dispute. The non-moving party then must, pursuant to Local Rule 56.1(b), set forth the material facts that it believes are in dispute. In this case, each of the parties has submitted a Statement of Material Facts pursuant to Local Rule 56.1. However, Malone's Rule 56.1(b) Statement of Material Facts failed to controvert Defendant's Rule 56.1 Statement in the manner prescribed by the Rule. Specifically, plaintiff has failed to include a "correspondingly numbered paragraph responding to each numbered paragraph" in Defendant's Statement of Material Facts. However, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules," and while it "'is not required to consider what the parties fail to point out' in their Local Rule 56.1 statements, it may in its discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file such a statement." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). To expedite this case that has lingered on the Court's docket for almost four years, it regrettably chose this latter approach.

2

Malone had violated orders of protection issued by Beacon City Court. (Beacon 56.1 Stat. ¶¶ 16; 17.)

Before arriving at Malone's home in the County of Queens, Williams called the New York City Police Department for help in executing this warrant. (Beacon 56.1 Stat. ¶ 18; *see also* Duchess 56.1 Stat. ¶ 16.) He was then informed that the New York City Police Department also had a warrant for Malone for felony robbery. (Duchess 56.1 Stat. ¶ 9.) Two uniformed New York City police officers escorted Williams and Walraven to Malone's residence. (Duchess 56.1 Stat. ¶ 18.) Malone refused to leave his residence or allow the officers or Walraven to enter his home. (Duchess 56.1 Stat. ¶ 18; Beacon 56.1 Stat. ¶ 21.) The defendants claim that none of the police officers or Walraven entered Malone's apartment at any time. (Beacon 56.1 Stat. ¶ 22; Duchess 56.1 Stat. ¶ 20.) Malone, however, claims that Williams, and not Walraven, pushed him out of the his window causing him to fall three stories and sustain serious injuries. (Duchess 56.1 Stat. ¶ 13; Beacon 56.1 Stat. ¶ 10.)[3]

The defendants relate a different story. They state that as they were leaving the building, they were informed that Malone had fallen out of the window. (Beacon 56.1 Stat. ¶ 23.) An ambulance was then called, and Malone was taken to Elmhurst General hospital. (Beacon 56.1 Stat. ¶ 24.) At the hospital, Williams issued Malone a desk appearance ticket ("DAT") on the basis of the criminal contempt warrant. (*See* Beacon 56.1 Stat. ¶ 25; Walsh Aff., Ex. K.) On November 17, 1999, the warrant was vacated; Malone was never prosecuted on the charge of criminal contempt. (Beacon 56.1 Stat. ¶ 26.)

---

[3] Moreover, Walraven was not empowered to arrest Malone, and the duties of his position do not include, and have nothing to do with, the issuance of or execution of warrants. (Duchess 56.1 Stat. ¶¶ 3, 4.)

3

By stipulation and order of settlement dated March 13, 2003, defendants City of New York, William Campisi and Joseph Schaff were dismissed from the case. (Dkt. No. 24.) Two years later, Malone and the remaining defendants agreed to dismiss Malone's first, second and fifth causes of action and all the state law causes of action against all of the defendants. (Dkt. No. 43.) They also agreed to dismiss certain other causes of action against certain other defendants. Accordingly, on this motion, the only causes of action remaining are:

- Against City of Beacon:
    - Claims for false arrest, false imprisonment, and malicious prosecution (third cause of action);
    - Claims for failure to, *inter alia*, train and supervise (fourth cause of action);
    - Civil rights conspiracy claim (sixth cause of action);

- Against Williams:
    - Claims for false arrest, false imprisonment, and malicious prosecution (third cause of action);
    - Civil rights conspiracy claim (sixth cause of action);

- Against County of Duchess:
    - Claims for failure to, *inter alia*, train and supervise (fourth cause of action);
    - Civil rights conspiracy claim (sixth cause of action);

- Against Walraven:
    - Civil rights conspiracy claim (sixth cause of action).

On February 23, 2005, Walraven and County of Duchess (collectively the "County Defendants") served their motion for summary judgment on Malone. The next day, Williams and City of Beacon (collectively the "Beacon Defendants") did likewise. The parties filed the fully briefed motion with the Court on April 6, 2005.

4

*Summary Judgment Standard*

Rule 56 (c) of the Federal Rules of Civil Procedure state that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In the process of ruling on a motion for summary judgement, the Court "is to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Childers v. United States Postal Service*, 2003 U.S. Dist. LEXIS 9993, at *5 (W.D.N.Y. Apr. 15, 2003). "The burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1223 (2d Cir. 1994). Specifically, "a 'genuine' issue is one that could be decided in favor of the non-moving party based on the evidence by a reasonable jury." *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). Yet, "conclusory allegations (by the non-moving party) will not suffice to create a genuine issue." *Id.* In fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Finally, "[u]nlike a motion to dismiss that limits it[s] review to the complaint and determines its legal feasibility, but does not assay the weight of evidence which might be offered in support thereof, a motion for summary judgment allows the court to evaluate the pleadings, depositions, affidavits, answers to interrogatories, and admissions in ruling on the motion." *Konigsberg v. Lefevre*, 267 F. Supp. 2d 255, 259 (E.D.N.Y. 2003) (citing *Schering Corp. v. Home Insurance Co.*, 712 F.2d 4, 9 (2d Cir. 1983)).

*Section 1983*

Title 42, Section 1983 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity...

42 U.S.C. § 1983. This statute is a "method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "In order to establish liability under Section 1983[, Malone] must satisfy two essential elements: (1) the defendant[s] acted under color of state law; and (2) as a result of the defendant[s'] actions, [Malone] suffered a denial of [his] constitutional rights or privileges." *Tuturro v. Continental Airlines*, 2004 U.S. Dist LEXIS 26138, at *8 (S.D.N.Y. Jan. 3, 2005) (citing *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998)).

I. Third Cause of Action: Malicious Prosecution and False Arrest

In Malone's third cause of action, he claims that Williams arrested and imprisoned him falsely, prosecuted him without probable cause and with malice, and that the prosecution resulted in a favorable disposition against him. (*See* Compl. ¶ 28.) He seeks damages from both Williams and City of Beacon. *Id.* In their moving brief, the Beacon Defendants claim that the City of Beacon did not initiate a prosecution against Malone through the issuance of a desk appearance ticket. Malone disagrees. Nevertheless, in its reply brief, they argue that even if City of Beacon did initiate a prosecution against Malone, it had probable cause to do so. Since it is dispositive, only this last argument is addressed.

"Constitutional claims brought under Section 1983 for false arrest are analyzed under state law." *See Coleman v. City of New York*, 177 F. Supp. 2d 151, 156 (S.D.N.Y. 2001), *aff'd*, 49 Fed. Appx. 342 (2002) (citing *Weyand v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). This is also true for claims for malicious prosecution. *See Hickey v. City of New York*, 2004 U.S. Dist. LEXIS 23941, at *20 (S.D.N.Y. Nov. 29, 2004) ("The Supreme Court long recognized that the elements and defenses of both [false arrest and malicious prosecution] are to be construed with reference to state common law."). Yet, under New York law "[t]he elements of false arrest and false imprisonment under § 1983 are 'substantially the same.'" *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). Accordingly, to the extent that Malone asserts a claim for false imprisonment, that claim is not analyzed separately from his false arrest claim.

As the Beacon Defendants argue, it is well settled that the existence of probable cause is a complete defense to claims for both false arrest and malicious prosecution. *Hickey*, 2004 U.S. Dist. LEXIS 23941, at *22 (citing *Boyd*, 336 F.3d at 75); *see also Singer v. Fulton County Sheriff*, 63 F.3d 110, 118-119 (2d Cir. 1995), *aff'd*, 517 U.S. 1189 (1996) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause.") (citing *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)); *Coyle v. Coyle*, 354 F. Supp. 2d 207, 213 (E.D.N.Y. 2005) (Spatt, J.) ("As with false arrest, a showing of probable cause to prosecute is a complete defense to...malicious prosecution claim.") (citing *Colon v. City of New York*, 455 N.E.2d 1248, 1250, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455 (1983)). With respect to Malone's false arrest claim, "[p]robable cause is established when the arresting officer has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *O'Neill v. Town of*

7

*Babylon*, 986 F.2d 646, 650 (2d Cir. 1993) (quoting *Calamia v. City of New York*, 879 F.2d 1025, 1032 (2d Cir. 1989)). The issuance of a warrant "creates a presumption that probable cause existed, and is rebuttable only though proof of fraud, perjury or the misrepresentation or falsification of evidence." *Artis v. Liotard*, 934 F. Supp. 101, 103 (S.D.N.Y. 1996). Regarding his malicious prosecution claim, "'a finding of probable cause supporting an arrest defeats a malicious prosecution claim unless plaintiff can demonstrate that at some point subsequent to the arrest, additional facts came to light that negated probable cause.'" *Coyle*, 354 F. Supp. 2d at 213 (quoting *Dukes v. City of New York*, 879 F. Supp. 335, 342 (S.D.N.Y. 1995)). Accordingly, the issues on this motion are: (1) whether or not a reasonable jury could find that there was no probable cause for the issuance of the desk appearance ticket; and (2) whether facts did or did not come to light after Malone's arrest that would negate that probable cause.

In his deposition, Malone states that there were no orders of protection against him. (Malone Dep. at 47.) By attaching orders of protection signed by Malone, dated June 16, 1999, the Beacon Defendants contradict this statement. (Reply Dec., Ex. A.) They also submit the criminal complaints upon which the warrant was issued. (Walsh Aff., Ex. I; *see also* Beacon 56.1 Stat. ¶ 17.) In them, Scott and Nelson affirm that Malone violated the June 16, 1999 orders of protection. *See id.* Although it is also undisputed that this warrant was subsequently vacated and that Malone was never prosecuted for the offense upon which it relied, Malone has failed to demonstrate that, in light of the evidence presented, Williams' issuance of the DAT was unreasonable or that the facts changed between that act and the vacatur of the DAT that rebutted the presumption of probable cause created by the issuance of the warrant. As a result, no reasonable juror would find that there was no probable cause for William's action or that Malone

8

was prosecuted without probable cause. Consequently, the Beacon Defendants' motion for summary judgment on plaintiff's third cause of action is granted as to Williams. In light of this conclusion, summary judgment is also be granted to City of Beacon. *See Escalera v. Lunn*, 361 F.3d 737, 749 (2d Cir. 2004) ("because each of the individual defendants had arguable probable cause, the County is likewise entitled to summary judgment in its favor") (citing *McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272, 281-82 (2d Cir. 1999)).

II. Fourth Cause of Action: Municipal Policy

In his fourth cause of action, Malone alleges that both the City of Beacon and the County of Duchess were "careless, negligent and reckless in hiring, [supervising], retaining and training" Williams and Walraven, respectively. (*See* Compl. ¶¶ 31-34.) Plaintiff also claims that "[a]s a direct and proximate result of defendants' actions, [he] was deprived of...his rights..to be free from false arrest and imprisonment," and seeks relief under Section 1983. (Compl. ¶ 34.) The defendants move for summary judgment on the grounds that Malone failed to prove or even properly allege that a municipal policy was the cause of his alleged constitutional deprivation. Moreover, the County Defendants argue that the execution of warrants and arrests of suspects were not within Walraven's duties as a Child Protective Services officer.

It is well settled that a municipality cannot be held liable under § 1983 unless the plaintiff alleges that "the deprivation of his constitutional rights resulted from a custom or policy of the municipality." *Giaccio v. City of New York*, 2005 U.S. Dist. LEXIS 642, at *12 (S.D.N.Y. Jan. 19, 2005) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-95 (1978)). In the absence of an official policy or custom, "[a]ctions by an individual with final decision-making authority in a municipality constitute official policy for purposes of a § 1983 claim." *Anthony v. City of*

*New York*, 339 F.3d 129, 139 (2d Cir. 2003) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986)). Nevertheless, "municipal liability under § 1983 attaches where–and only where–a deliberate choice to follow a course of action is made from among various alternatives by the office of officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur*, 475 U.S. at 483.

*Failure to Train or Supervise*

"[M]unicipalities can be held liable [under Section 1983] in cases where they demonstrate a manifest failure to train, supervise or discipline their employees." *Mahan v. City of New York*, 2005 U.S. Dist. LEXIS 14322 (E.D.N.Y. July 19, 2005) (Trager, J.); *see also City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). But with respect to a "failure to train" theory of liability, "[i]t is impossible to prevail...without any evidence as to...how the training was conducted, how better or different training could have prevented the challenged conduct, or how 'a hypothetically well-trained officer would have acted under the circumstances.'" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 130 (2d Cir. 2004) (quoting *City of Canton*, 489 U.S. at 391). And as to a failure to supervise theory, a plaintiff must demonstrate that "'the need for more or better supervision to protect against constitutional violations was obvious,' but that [his supervisor] made 'no meaningful attempt' to forestall or prevent the unconstitutional conduct.'" *Id.* at 127 (quoting *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995)).

*Negligent Hiring*

The Supreme Court in *Board of the County Commissioners v. Brown*, 520 U.S. 397, 411 (1997) set out the rigorous standard for a negligent hiring claim. It stated:

10

> A plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. Only where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute "deliberate indifference."

520 U.S. at 411.

Upon the facts presented on this motion, Plaintiff has failed to demonstrate that a genuine issue of material fact exists as to whether County of Duchess or City of Beacon acted with deliberate indifference in their training, supervision, or hiring of Walraven or Williams, respectively. With respect to Walraven, Malone alleges that through the County of Duchess' training, supervision, and hiring of him, his right to be free from false arrest and imprisonment was violated. This claim fails because Walraven did not arrest him, and was not empowered to do so. Since there can be no link between the conduct of the County of Duchess and the alleged deprivation of constitutional rights, summary judgment must be granted in favor of the County Defendants. As to the City of Beacon, against whom he may have had a stronger claim because Williams issued the DAT, Malone has not submitted any material relating to the personnel policies or practices of the municipality. He also failed to respond to the County Defendants' argument in his brief. Consequently, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986), summary judgment is granted to the municipalities on these claims.

III.     Sixth Cause of Action: Civil Rights Conspiracy

*Walraven: Lack of Personal Jurisdiction*

The County Defendants move for summary judgment dismissing the complaint against Walraven for lack of personal jurisdiction. Malone fails to respond to this argument. Service of complaints within a judicial district must comply with Rule 4(e) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e). This rule

> provides that service of process is effected on an individual in one of three ways: (1) pursuant to the law of the state in which the district court is located, or in which the service is effected; (2) by delivering a copy of the summons and complaint to the individual personally, or by leaving copies at the individual's "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein"; or (3) by delivering a copy of the summons and complaint to an agent authorized by law to receive service of process.

*Moultry v. City of Poughkeepsie*, 154 F. Supp. 2d 809, 811 (S.D.N.Y. 2001) (dismissing a complaint without prejudice against police officers in a Section 1983 case for lack of personal jurisdiction).

With respect to the first method of effecting service listed above, Section 308 of New York State Civil Practice Law and rules provides that service may be made in four ways. In addition to the two methods permitted under the federal rules, New York law provides that service may be effected:

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business [or, where the other methods fail,] by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be

12

served at his or her actual place of business...

N.Y. C.P.L.R. § 308. Under this section, "'actual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." *Id.*

It appears that Malone attempted to comply with the federal rules by effecting service pursuant to state law. Specifically, he sent Walraven's summons via first class mail to him "c/o County Attorney Ian G. MacDonald, 22 Market Street, Poughkeepsie, NY 12601." But at the time the complaint was served Walraven was a Child Protective Services Investigator employed by the Duchess County Department of Social Services; he is not an employee of the County Attorney, did not have any work related business there, and did not empower anyone in that office to accept service on his behalf. (Walraven Aff. ¶¶ 3, 4.) Malone also failed to serve Walraven personally. (Walraven Aff. ¶ 1.) Consequently, since the County Attorney's office was not his place of business and personal service was not made, Malone failed to properly serve Walraven.

The Court may dismiss a complaint for failure to make timely service under Rule 4(m) of the Federal Rules of Civil Procedure. *See* Fed. R.Civ. P. 4 (m). Service is timely it is effected within 120 days of the filing of the complaint. *Id.* But this time may be tolled if the plaintiff demonstrates good cause for his failure. *Id.* "Two factors are relevant in a court's evaluation of good cause: (1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." *Blessinger v. United States*, 174 F.R.D. 29, 31 (E.D.N.Y. 1997) (Johnson, J.) (internal quotation marks and citation omitted). Good cause, however, does not include mistake or inadvertence of counsel. *See Moultry*, 154 F. Supp. 2d at

13

812; *see also Zankel v. United States*, 921 F.2d 432, 436 (2d Cir. 1990) ("a judge is certainly not required to treat inadvertence or ignorance of the Rules as 'good cause' or 'excusable neglect' for delay in service") (citing *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984)).

On September 13, 2001, Malone filed this civil action. On November 8, 2001, the County Defendants served their answer, in which they raised lack of personal jurisdiction as an affirmative defense. Despite this response, Malone failed to properly serve Walraven thereafter or move for an enlargement of time to do so pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. On this motion, he has not made such a request, or even responded to the County Defendants' argument, and therefore has shown no indicia of good cause for his failure. Thus, it is without doubt that he has not been reasonable or diligent in his efforts to properly serve Walraven. Accordingly, this action is dismissed against Walraven. *See Moultry*, 154 F. Supp. 2d at 812-13.

*Motion to Amend*

In his response to the defendants' motions for summary judgment, Malone concedes that he failed to plead his conspiracy cause of action with particularity, and moves to amend his complaint to do so. He did not submit a proposed amended complaint in which he could have enumerated the facts that he intended to include. Complicating matters more, Malone does not state whether he plans to amend his complaint to state a claim under Section 1983 or Section 1985. Since the only case he cites in support of this argument is *Mass v. McClenahan*, 893 F. Supp. 225, 231 (S.D.N.Y. 1995), in which the plaintiff asserted a claim under Section 1985(3), the Court will assume that that is also the statute under which he seeks relief. The County Defendants argue that any amendment would be untimely, and therefore futile. The Beacon

Defendants argue that Malone's underlying claim is meritless and therefore the amendment is futile.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

> In the absence of any apparent or declared reason– such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Additionally, "[a] proposed amendment is considered futile if its underlying cause of action would be barred by the relevant statue of limitations." *Farberstein v. Hicksville Public Library*, 323 F. Supp. 2d 414, 422 (E.D.N.Y. 2004) (Hurley, J.) (citing *Northbrook Nat'l Ins. Co. v. J & R Vending Corp.*, 167 F.R.D. 643, 647 (E.D.N.Y. 1996)).

As the Second Circuit Court of Appeals recently discussed, the timing of the motion to amend dictates whether the amended complaint will be futile. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). Thus, unlike in response to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), where a motion to amend is made as a "cross-motion...in response to a Fed. R. Civ. P. 56 motion for summary judgment...the court may deny the amendment as futile when the evidence in support of the plaintiff's proposed new claim creates no triable issue of fact and the defendant would be entitled to judgment as a matter of law under Fed. R. Civ. P. 56(c)." *Id.* (citing *Azurite Corp. v. Amster & Co.*, 844 F. Supp. 929, 939 (S.D.N.Y. 1994), *aff'd*, 52 F.3d 15 (2d Cir. 1995)). Additionally, "'the trial court is required to take into account any prejudice'

that might result to the party opposing the amendment." *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-331 (1971)) (affirming the district court's denial of the plaintiff's motion to amend and finding that to grant would be "especially prejudicial" to the defendant in light of the fact that discovery had closed and the defendant had filed for summary judgment).

Claims under Section 1985(3) borrow their statute of limitations from the state statute applicable to personal injury claims. *See Meyer v. Frank*, 550 F.2d 726, 728 n.5 (2d Cir. 1977), *cert. denied*, 434 U.S. 830 (1977). In the State of New York the statute of limitations in personal injury claims is three years. N.Y. C.P.L.R. § 214(5). Accordingly, the statute of limitations for Section 1985 claims is also three years. *Farberstein*, 323 F. Supp. 2d at 419.

"Under federal law, which governs the accrual of claims brought under...§ 1985, a claim generally accrues once the plaintiff knows or has reason to know of the injury which is the basis of his action." *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994) (internal quotation marks and citations omitted). Since Malone has not alleged that there was another incident subsequent to the September 22, 1999 incident discussed herein or that there was information he was unaware of until after that date, his cause of action arose on that date. As a result, the statute of limitations for the cause of action expired on September 22, 2002. Since the amendment would be futile, Malone's motion is denied. *See, e.g., Farberstein*, 323 F. Supp. 2d at 422.

*Merits of Malone's Civil Rights Conspiracy Claim*

Since the analysis of the merits of Malone's conspiracy claim are identical on both the defendants' motions for summary judgment and their opposition to his motion to amend, they are

considered jointly. Title 42, Section 1985(3) of the United States Code provides that:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . if one or more persons . . . do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is . . . deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages . . . .

42 U.S.C. § 1985(3). It is now axiomatic that this "conspiracy must be motivated by racial or related class-based discriminatory animus." *Graham v. Henderson*, 89 F.3d 75, 81-82 (2d Cir. 1996) (citing *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 835-37 (1983)).

Malone has not demonstrated and the record does not reveal any express agreement between Walraven and Williams to deprive him of his constitutional rights. More importantly, even if the evidence did show that there was a conspiracy, Malone does not allege and there is no evidence that could show that any discriminatory animus fueled it. As a result, Malone's amended complaint would fail and is therefore futile. Consequently, his motion is denied, and summary judgment is granted to the defendants. *See Herrmann v. Moore*, 576 F.2d 453, 456-57 (2d Cir. 1978) (affirming summary judgment for the defendants where the plaintiff failed to show discriminatory animus); *see also Thomas v. Roach*, 165 F.3d 137, 147 (2d Cir. 1999) (affirming the district court's grant of summary judgment to defendant police officers in large part because there was no evidence of discriminatory animus).

## CONCLUSION

Summary judgment dismissing the complaint is granted to the defendants because they sustained their burden of showing that there are no genuine issues of material fact as to Malone's remaining causes of action. With respect to his false arrest and a malicious prosecution claims,

since probable cause is a complete defense to these claims, Malone's failure to rebut the presumption of probable cause created by the fact that Williams issued him a desk appearance ticket pursuant to a facially valid warrant requires that the Court grant summary judgment to the Beacon Defendants on his third cause of action. With respect to his fourth cause of action, because municipalities are liable for damages under Section 1983 only if there is proof that the existence of a municipal policy or custom lead to an alleged denial of constitutional rights, the Court grants City of Beacon and County of Duchess summary judgment on this cause of action because Malone failed to demonstrate that the existence of such a policy or custom lead to any alleged denial of his constitutional rights. Finally, regarding his sixth cause of action brought under Section 1985, since he has not demonstrated that any alleged conspiracy to deprive him of his constitutional rights was motivated by discriminatory animus, he cannot prevail. Summary judgment is therefore granted to the defendants on this cause of action. Accordingly, the complaint is dismissed in its entirety.

**SO ORDERED.**

/ SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Brooklyn, New York
Dated: August 5, 2005